UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRENTON M. HERRON,

    Plaintiff,

v.                                            Case No. 8:10-CV-363-T-30AEP

JILL POORMAN, et al.,

    Defendants.
    _____/

## ORDER

Plaintiff initiated this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2).

### Plaintiff's allegations

Plaintiff identifies Jill Poorman ("Poorman") and Mary Ann Casp ("Casp") as defendants in this action (See Dkt. 1 at pg. 6). Plaintiff asserts Poorman is a "state psychologist" employed at the "Pinellas County Courthouse", and Casp is a "psychiatric assistant NRP" employed at "Pinellas County Jail." (Id.). In his complaint Plaintiff alleges that on December 8, 2009, Poorman met with him to evaluate his competency (Id. at pg. 8). Without viewing Plaintiff's records, Poorman instructed Casp "to stop, alter or prolong" Plaintiff's medication (Id. at pgs. 8-9). Plaintiff alleges that Poorman and Casp "violated the standard of care" by failing to: 1) treat his depression; 2) recommend that he be hospitalized; and 3) adequately monitor his medication (Id. at pg. 9). Plaintiff alleges that the "altering of psychotropic medication" has exacerbated his "personality disorder, manic behavior, suicidal thoughts and behavior, with an increase of dillussional [sic] visions and thoughts."

(Id.). He also asserts the altering of his medicine has caused "extreme migrains [sic], blurred vision, increased paranoia, and uncontrolable [sic] anxiety attacks with compulsive mania." (Id.).

Plaintiff asserts that he is filing a "medical malpractice civil suit" against Poorman and Casp (Id. at pg. 8). For relief, he seeks $2,000.00 in punitive damages against Poorman, and $3,000.00 in punitive damages against Casp (Id. at pg. 10).

## Analysis

**Standard of Review**

Since Plaintiff seeks to proceed *in forma pauperis*, the Court may dismiss the case if it finds that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The procedure required by § 1915(e)(2) is a screening process, to be applied by the Court *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915(e)(2).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**Discussion**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. He has not alleged the deprivation of a constitutional violation. Plaintiff's allegations that Poorman and Casp were negligent in failing to review his medical records prior to altering his medication, and in failing to adequately treat his depression, adequately monitor his medications, and recommend he be hospitalized alleges only medical malpractice and not a constitutional violation. *See Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (holding that when a physician provided some treatment but failed to carefully review medical history and prescribe appropriate antibiotic it might be considered medical malpractice, but did not amount to a constitutional violation); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations."); *Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (accidents, mistakes, negligence, and medical malpractice are not constitutional violations, and a difference in medical opinion also does not amount to a constitutional violation). Since Plaintiff has failed to state a claim for a violation of his constitutional rights, his complaint

must be dismissed.[1]

Furthermore, a federal district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Because Plaintiff has not asserted a cognizable federal question claim, nor alleged that the Court has jurisdiction pursuant to diversity of citizenship or a specific statutory grant, this Court lacks subject matter jurisdiction over the action.[2]

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915 (e)(2)(B) for failure to state a claim upon which relief may be granted, and for lack of jurisdiction.

2. The Clerk is directed to terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 9, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[1] A claim of medical negligence may be asserted in a state court under state law. Therefore, the complaint and this action will be dismissed without prejudice to Plaintiff reasserting his claims in a state forum.

[2] Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."